UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


NANCY MELANCON

VERSUS

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY

CIVIL ACTION

NUMBER 13-21-BAJ-SCR


### NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, December 18, 2014.

*(signed)* Stephen C. Riedlinger

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NANCY MELANCON

VERSUS

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY

CIVIL ACTION

NUMBER 13-21-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Plaintiff Nancy Melancon brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner") denying her applications for disability insurance and supplemental security income benefits ("SSI").

Based on the applicable standard of review and the analysis which follows, the Commissioner's decision should be affirmed.

**Standard of Review**

Under § 405(g), judicial review of a final decision of the Commissioner denying disability and SSI benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the proper legal standards. *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001); *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). If substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 91

S.Ct. 1420, 1422 (1971); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. It is more than a mere scintilla and less than a preponderance. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). In applying the substantial evidence standard the court must review the entire record as whole, but may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Conflicts in the evidence are for the Commissioner and not the court to resolve. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

If the Commissioner fails to apply the correct legal standards, or provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1981); *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981); *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

A claimant has the burden of proving that he or she suffers

from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905. The regulations require the ALJ to apply a five step sequential evaluation to each claim for benefits. 20 C.F.R. §§ 404.1520; 416.920. In the five step sequence used to evaluate claims the Commissioner must determine whether: (1) the claimant is currently engaged in substantial gainful activity; (2) the claimant has a severe impairment(s); (3) the impairment(s) meets or equals the severity of a listed impairment in Appendix 1 of the regulations;[1] (4) the impairment(s) prevents the claimant from performing past relevant work; and, (5) the impairment(s) prevents the claimant from doing any other work. *Masterson*, 309 F.3d at 271.

The burden of proving disability rests on the claimant through the first four steps. At the fourth step the Commissioner analyzes whether the claimant can do any of her past relevant work. If the claimant shows at step four that she is no longer capable of

---

[1] Listed impairments are descriptions of various physical and mental illnesses and abnormalities generally characterized by the body system they affect. Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results. For a claimant to show that his impairment matches a listed impairment he must demonstrate that it meets all of the medical criteria specified in the listing. An impairment that exhibits only some of the criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 529-32, 110 S.Ct. 885, 891-92 (1990); 20 C.F.R. §§ 404.1525; 416.925.

3

performing past relevant work, the burden shifts to the Commissioner to show that the claimant is able to engage in some type of alternative work that exists in the national economy. *Myers*, supra. If the Commissioner meets this burden the claimant must then show that she cannot in fact perform that work. *Boyd*, 239 F.3d at 705.

**Background and Claims of Error**

Plaintiff was 53 years old at the time of the administrative law judge's ("ALJ") decision.[2] Plaintiff graduated from high school and her past relevant work consisted of employment as a child care worker, sales associate and cashier. AR pp. 123, 127-30. In her applications for disability and SSI benefits, the plaintiff alleged that she was disabled and no longer able to work beginning on March 1, 2008 because of depression, anxiety and scoliosis. AR pp. 67-70, 105-07.

After her application was denied at the initial stages, the plaintiff requested an ALJ hearing after which the ALJ issued an unfavorable decision. AR pp. 12-20, 26-44. The ALJ found at the second step that the plaintiff had the following severe impairments - major depression and anxiety.[3] AR p. 14. At the third step

---

[2] Plaintiff's age placed her in the category of a "person closely approaching advanced age." 20 C.F.R. §§ 404.1563(d); 416.963(d).

[3] After a review of the relevant evidence the ALJ determined
(continued...)

4

the ALJ specifically considered the listed impairments related to the plaintiff's conditions, and concluded the plaintiff's combination of severe impairments did not meet or medically equal the severity any listed impairment at step three.[4]

The ALJ then evaluated the plaintiff's residual functional capacity ("RFC") to determine whether, despite her severe impairments, the plaintiff was able to do any of her past relevant work or other work in the national economy.[5] After consideration of the entire record, the ALJ found:

> [T]he claimant has the residual functional capacity to lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk for 6 hours in an 8-hour workday and sit for 6 hours in an 8-hour workday. She can perform simple, routine and repetitive tasks in a work environment free of fast-paced production requirements involving only simple, work-related decisions and routine workplace changes. She requires only occasional and direct interaction with the public, coworkers and supervisors. AR p. 16.

Given this RFC, and based on the testimony of the vocational expert, the ALJ concluded that the plaintiff was not able to engage

---

[3](...continued)
that the plaintiff's scoliosis, past ankle fracture and degenerative disc disease are nonsevere impairments under the standard of *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985). Plaintiff did not argue that this finding was erroneous.

[4] In her appeal the plaintiff did not assert any ALJ error at the third step.

[5] Residual functional capacity is a measure of a claimant's capacity to do physical and mental work activities on a regular and sustained basis. It is the foundation of the findings at steps four and five. 20 C.F.R. § 404.1545; § 416.945.

in any past relevant work. However, considering the expert testimony that the plaintiff would be able to make a successful adjustment to other work that exists in significant numbers in the national economy - housekeeping cleaner, laundry classifier and price marker - at the fifth step the ALJ found that the plaintiff was not disabled.[6] AR pp. 16-19, 41-43.

In her appeal memorandum the plaintiff argued the ALJ committed a legal error because she ignored and did not explain the weight given to the opinions of Maxine Campbell-Flint, Ph.D., who performed a consultative psychological evaluation on October 15, 2010. Plaintiff argued the ALJ's failure to consider, and properly evaluate and weigh Flint's opinions is contrary to SSR 96-6p[7] and 20 C.F.R. § 404.1527(a) and § 416.927(a) and requires reversal and remand under sentence four of § 405(g).

---

[6] Work exists in the national economy when it exists in significant numbers either in the region where the claimant lives or in several other regions of the country; when there is a significant number of jobs, in one or more occupations, having requirements which the claimant is able to meet with his physical or mental abilities and qualifications. It does not matter whether work exists in the immediate area in which the claimant lives, a specific job vacancy exists for the claimant, or the claimant would be hired if he applied for work. However, isolated jobs that exist only in very limited numbers in relatively few locations outside of the region where the claimant lives are not considered work which exists in the national economy. 20 C.F.R. §§ 404.1566(a) and 416.966(a).

[7] 1996 WL 374180 (S.S.A. July 2, 1996).

**Analysis**

**The ALJ did not commit legal error in evaluating the medical opinions.**

Plaintiff argument that the ALJ failed to comply with SSR 96-6p is not supported by a plain reading of the policy interpretation. A review of SSR 96-6p shows that it is directed to ALJ and Appeals Council consideration of expert opinion evidence of nonexamining sources. The policy refers to nonexamining sources in several parts of its explanation. For instance, in one part of SSR 96-6p it states that because state agency medical and psychological consultants and other program physicians and psychologists are experts in the Social Security disability programs, the regulations "require administrative law judges and the Appeals Council to consider their findings of fact about the nature and severity of an individual's impairment(s) as opinions of nonexamining physicians and psychologists." Flint was not a nonexamining consultant; she was a consultant who examined the plaintiff and performed a psychological evaluation on October 15, 2010. Joseph Tramontana, Ph.D., who rendered an opinion on the plaintiff's mental residual functional capacity, was the nonexamining state agency psychological consultant. AR pp. 47-56.

Nevertheless, the plaintiff's claim that the ALJ committed legal error by failing to consider and weigh the opinions of Flint is not supported by the record. A review of the ALJ's decision shows that, contrary to the plaintiff's assertion, the ALJ did not

7

ignore or fail to appropriately weigh Flint's report. AR pp. 17-18. The ALJ properly considered this report along with the assessment of the state agency psychological consultant, Tramontana, and the records of the plaintiff's treatment and daily activities. It is apparent that the ALJ considered all the relevant evidence, including Flint's opinions, and gave the opinions partial credit and some weight. The ALJ is free to partially credit evidence, opinions and reports from medical sources.[8] The ALJ is not required to adopt opinions in a report that she finds are inconsistent with the medical and other objective evidence of record.[9] Thus, the legal error claimed by

---

[8] It is the task of the ALJ as the finder of fact to weigh the evidence. When evidence cuts both ways, it is not the court's job on judicial review to reweigh the evidence. As long as there is substantial evidence in the record as a whole supporting the ALJ's finding, it must be upheld. *See, Greenspan v. Shalala,* 38 F.3d 232, 240 (5th Cir. 1994); *Short v. Astrue*, 2013 WL 655020 (N.D. Tex. 2013).

[9] Since it is apparent the ALJ considered and weighed Flint's opinions, to the extent the ALJ did not specifically state the amount of weight he gave to them (i.e. little, great) it is harmless error, because it does not undermine the ALJ's finding at the fifth step. The primary policy underlying the harmless error rule is to preserve judgments and avoid waste of time. *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). Thus, procedural perfection in administrative proceedings is not required. A decision will not be vacated unless the substantial rights of a party have been affected. Procedural improprieties constitute a basis for remand only if they would cast into doubt the existence of substantial evidence to support the ALJ's decision. *Id.; Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988).

A harmless error analysis also applies when an ALJ fails to comply with a regulation or Social Security Ruling. *See*, *Oderbert v. Barnhart*, 413 F.Supp.2d 800, 805 (E.D.Tex. 2006).

8

the plaintiff is not supported by the regulations or the record.

**The ALJ's RFC finding and finding at the fifth step is supported by substantial evidence.**

In her appeal the plaintiff focused on several statements in Flint's report and argued that the ALJ's RFC finding did not accurately reflect the plaintiff's RFC. However, other statements/opinions contained in Flint's report, Tramontana's November 18, 2010 assessment, and the record of the plaintiff's daily activities supply more than substantial evidence to support the ALJ's RFC determination.

After review of the medical evidence of record, Tramontana found that although the plaintiff was moderately limited in the ability to carry out detailed instructions, maintain attention for extended periods, and perform at a consistent pace, the plaintiff was not significantly limited in the ability to carry out short and simple instructions, sustain an ordinary routine without supervision, work in coordination with or in proximity to others without being distracted, and make simple work-related decisions. He found no limitations in understanding and memory, social interaction, or adaptation. Tramontana concluded the plaintiff should be able to maintain the concentration, persistence, and pace and be able to get along with coworkers and supervisors at a level consistent with the requirements of unskilled labor. AR p. 53. While the plaintiff relied on several statements in Flint's report

9

related to symptoms the plaintiff may experience during episodes of depression, many of Flint's opinions supported the ALJ's RFC finding. For example, Flint observed the plaintiff's expressive, receptive speech was within normal limits, and the plaintiff had adequate attention/concentration throughout the evaluation. Flint also concluded the plaintiff had: (1) logical and goal directed thought processes; (2) adequate abstract reasoning; (3) the ability to understand and follow directions; (4) adequate ability to maintain concentration and pace during the evaluation and on a task presented to her; and (5) the ability to adhere to appropriate standards of social behavior.[10] Based on the integration of all available materials, Flint's concluded the plaintiff's Global Assessment of Functioning ("GAF") was 60. AR pp. 263-65.[11] In addition, the record showed that the plaintiff reported on a daily basis being able to prepare her own meals, do household chores such as cleaning and laundry without help, go outside, go shopping, socialize and spend time with others, drive a car, and follow

---

[10] Flint reported the plaintiff denied a history of any type of abuse. However, the some of the plaintiff's treatment records indicated the plaintiff reported a history of problems with drinking. AR pp. 17, 50, 221, 232, 263-64.

[11] The GAF is a diagnostic measurement of an individual's overall psychological functioning. It is a scale used to assess and rate the social, occupational, and physiological functioning of adults, and a GAF score of 60 indicates only moderate symptoms. *Henderson v. Colvin*, 520 Fed.Appx. 268 (5th Cir. 2013); *Vaughn v. Colvin*, ___Fed.Appx.___, 2014 WL 5303003 (5th Cir. Oct. 17, 2014).

written and spoken instructions.  AR pp. 145-49.

Considering this evidence and the record as a whole, the ALJ's RFC finding was supported by substantial evidence.  With this RFC and given the plaintiff's age, education and work experience, the vocational expert testified the plaintiff could not do any of her past work.[12]  However, according to the expert there were several occupations that existed in significant numbers in the regional and national economy that the plaintiff could perform.  This vocational evidence constitutes substantial evidence to support the ALJ's conclusion at the fifth step that the plaintiff was capable of performing other work, and is not disabled.  AR pp. 18-20, 41-43.

**Conclusion**

Judicial review under § 405(g) does not require that all of the evidence support the ALJ's findings.  Even if substantial evidence supports the claimant's position this is not a ground for reversal.  Therefore, regardless of the fact that the plaintiff can point to some evidence in the record which supports her claims, as long as the finding or decision is supported by substantial

---

[12] The ALJ correctly obtained vocational expert evidence because the plaintiff had nonexertional limitations as a result of her mental impairments.  It is well established that if a claimant has nonexertional limitations the ALJ is required to obtain vocational expert testimony to support the findings at step five. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994); *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir. 1986); *Vaughn v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995).

11

evidence in the record as a whole it must be affirmed.[13]

Review of the administrative record as a whole and the analysis above demonstrates that substantial evidence supports the Commissioner's conclusion that the plaintiff is not disabled, and the proper legal standards were applied to evaluate the plaintiff's claim for benefits.

## RECOMMENDATION

It is the recommendation of the magistrate judge that under sentence four of 42 U.S.C. § 405(g), the final decision of the Acting Commissioner of Social Security Carolyn W. Colvin, denying the applications for disability and supplemental security income benefits filed by plaintiff Nancy Melancon, be affirmed and this action be dismissed.

Baton Rouge, Louisiana, December 18, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[13] Section 405(g); *see*, *Carroll v. Dept. Health, Ed. and Welfare*, 470 F.2d 252, 254, n. 4 (5th Cir. 1972)(as long as there is substantial evidence to support the Commissioner's determination, the quantity of evidence submitted by the claimant is irrelevant in terms of judicial review); *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001); *Palomino v. Barnhart,* 515 F.Supp.2d 705, 710 (W.D. Tex. 2007), citing, *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001)(when record as a whole indicates a mixed collection of evidence regarding plaintiff's impairments and their impact, Commissioner's decision upheld as long as there is substantial evidence to support it).